UMSTED AUTO CO. *v.* HENDERSON AUTO CO.

Opinion delivered December 23, 1918.

1. MORTGAGES—LIENS—COMPLAINT.—In a suit to foreclose a chattel mortgage, a defendant who alleges a lien on the property for labor and materials furnished for repairs, without specifying the nature of the lien, may prove a pledgee's lien.

2. PLEDGES—LIEN.—A pledge casts a lien upon the property delivered by the pledgor to the pledgee.

3. PLEDGES—ELEMENTS.—The essentials of a pledge are (1) a pledgor and pledgee; (2) a debt; and (3) a complete delivery, either actual or symbolical, to secure the debt.

4. PLEDGES—LIEN—ACCEPTANCE OF PROPERTY AS SECURITY.—Where the owner of an automobile told a repairer to hold the automobile as security for the amount due for repairs, the repairer, by retaining possession as security for such debt, obtains a lien on the automobile; its acquiescence being an acceptance of the property as security for the debt.

5. PLEDGES—LIEN—ABANDONMENT.—The rule that the pledgee abandons his lien by assertion of a different right, or by the surrender of the pledge to be sold under execution, has application to voluntary assertion of a different right or a voluntary surrender of possession of the pledge.

6.  PLEDGES—LIEN—ENFORCED SURRENDER.—A pledgee's surrender of possession of the pledge under order of court will be treated as an enforced surrender, where there is no evidence that he surrendered voluntarily.

Appeal from Lawrence Chancery Court, Eastern District; *Geo. T. Humphries,* Chancellor; reversed.

*W. E. Beloate,* for appellant.

At the time Mitchell left appellant had an artisan's lien as well as a statutory lien, and he told appellant to keep the car until he paid appellant. An artisan's lien is not dependent upon the statute. 122 Ark. 466.

Any word or act by Mitchell showing an intent to pledge the property would be sufficient to constitute a pledge. 22 Am. & Eng. Enc. of L., 2nd ed., 851. When pledged property is in possession of the pledgee, it is superior to the lien of an unrecorded mortgage. 130 Ark. 287; 37 Ark. 516; 91 Ark. 273.

*Ponder, Gibson & Ponder,* for appellee.

1.  Unless Umsted did the work on the car himself, he cannot maintain a lien upon the property as claimed in his answer. 5942-5945 Kirby & Castle's Dig.; 80 Ark. 516. On the point that an artisan's lien is not dependent upon the statute, the facts in *Gardner* v. *First National Bank,* 122 Ark. 464, relied on by appellant, make a different case from the case at bar. Moreover, Gardner did the work himself for which he claimed a lien.

2.  There is nothing in *Continental Supply Co.* v. *Thompson,* 130 Ark. 287, cited by appellant, that warrants his contention that "any word or act of Mitchell which showed an intention to pledge the property would be sufficient to constitute a pledge." The agreement that property is to be held as a pledge must be clearly expressed or implied. A mere loose statement by one party to which the other does not assent, is not sufficient. 31 Cyc. 789 and cases cited; *Id.,* 793; 98 Ark. 379.

3.  If appellant had any lien by reason of a pledge, it lost the same when it surrendered the car. 21 R. C. L. 658.

HUMPHREYS, J.   On the 18th day of December, 1917, appellee, a partnership, instituted suit against appellant, a partnership, and Ebb Mitchell, in the Lawrence chancery court to recover a judgment against Ebb Mitchell on thirteen promissory notes in the total sum of $826.60, principal, with interest thereon at the rate of ten per centum per annum from July 7, 1917, until paid, and to foreclose a mortgage on an automobile, given by Ebb Mitchell of even date with the notes, to secure said indebtedness.

At the time this suit was brought, Ebb Mitchell was in the army and constructive service was had upon him. Before trial appellee complied with Public Act No. 103 of the Sixty-fifth Congress, entitled "An Act to extend protection to the civil rights of members of the military and naval establishments of the United States engaged in the present war," and a response was filed, denying each and every material allegation in the bill, by J. N. Childers, who had been appointed guardian *ad litem* for him in accordance with said Act.

Appellant filed answer, admitting that it was in possession of the automobile, and alleging that it was entitled to a lien thereon in the total sum of $149.40 for repairs made upon the automobile, and that its lien was superior to the mortgage lien of appellee.

The cause was submitted upon the pleadings and evidence, from which the court found that Ebb Mitchell was indebted to appellee in the total sum of $939.75, including interest; that appellee, by virtue of its mortgage, had a lien paramount to that of appellant in said sum; and, in accordance with said findings, rendered judgment for the amount, declared it a lien upon the automobile and ordered a sale thereof to satisfy the lien. From the findings and decree, an appeal has been prosecuted to this court.

The facts disclosed by the evidence are, in substance, as follows: On the 7th day of July, 1917, Ebb Mitchell executed to Henderson-Wood Auto Company twelve notes in the sum of $65 each and one note in the sum of $46.60, all bearing interest at the rate of ten per centum per an-

num from date until paid, all of which became due under the terms of the contract upon failure to pay the first note, which was due and payable August 7, 1917. The notes were secured by mortgage of even date, given by Ebb Mitchell to Henderson-Wood Auto Company, on an Oakland Sensible Six roadster, model 34, motor car or automobile. Appellee purchased the notes and mortgage from the Henderson-Wood Auto Company. The mortgage was filed on the 18th day of December, 1917, in the recorder's office of said county in the manner provided for filing chattel mortgages. During the months of October and November, 1917, appellee placed necessary repairs to the value of $149.40 upon the car. Ebb Mitchell failed to pay the amount, and, when he left for service in the army, promised to pay appellant and told it to hold the car until he did so. This it did until the automobile was sold by the commissioner under an order of court.

Appellant contends that it was a pledgee of the automobile to secure the payment of $149.40 for repairs and was entitled to hold it until the pledgor, Ebb Mitchell, or the appellee mortgagee, paid it the said sum. Appellee contends that the answer filed by appellant presented the sole issue of whether appellant had a lien for labor and materials furnished under sections 5013 to 5016, inclusive, of Kirby's Digest. The answer set out that appellant was entitled to a lien for labor and materials furnished for repairing the automobile, but did not specify whether it claimed the lien by virtue of a pledge or under the sections of the statute aforesaid. A pledge casts a lien upon the property delivered by the pledgor to the pledgee, so the allegations of the answer were broad enough to embrace the claim of a lien by virtue of a pledge. No motion was filed to require appellant to plead more definitely. Appellant did not comply with the sections of the statute aforesaid in order to fix the statutory lien upon the automobile for the repairs and could not, therefore, contend for a statutory lien on the property; but we are of the opinion that every requirement of a pledge is present in the record as made. The necessary

essentials of a pledge are (1) a pledgor and pledgee, (2) a debt, and (3) a complete delivery, either actual or by symbol, to secure the debt. *Lee Wilson & Co.* v. *Crittenden County Bank & Trust Co.,* 98 Ark. 379, and authorities therein cited defining a pledge. The undisputed evidence shows that when appellant attempted to collect the amount due it for repairs from Ebb Mitchell, who was the owner of the automobile, that he promised to pay the debt and told appellant to hold the property until he did so. Appellee suggests that appellant did not state in so many words that it accepted the property as security for the debt. We think appellant's acquiescence was a clear acceptance of the property as security for the debt.

Appellee insists that there is nothing in the record to show that appellant acquired its lien under pledge prior to the filing of the mortgage and, for that reason its mortgage is superior to the pledge. The mortgage was filed on the 18th day of December, 1917, the same day the suit was instituted. On that day Ebb Mitchell was a non-resident of the State. He pledged the automobile to appellant before he left the State, so it was pledged before the mortgage was filed.

Lastly, appellee contends that appellant lost its lien by surrendering the automobile to the commissioner who sold it under order of court, and cites 21 R. C. L. p. 658, in support of its contention. The section cited lays down the rule that an assertion of a different right by the pledgee, or the surrender of the pledge by the pledgee to be sold under execution, so that he may purchase it, will be treated as an abandonment of the lien by the pledgee. It is apparent that this rule has application to a voluntary assertion of a different right or a voluntary surrender of the possession of the pledge. There is no evidence in this record that appellant voluntarily surrendered the automobile to the commissioner for sale under the order of the court. So far as appears, it was surrendered in obedience to an order of the court, and, of course, must be treated as an enforced surrender.

For the reason indicated, the decree is reversed and the cause remanded with directions to declare the lien of appellant paramount to that of appellee and to pay same out of the proceeds of the sale.